12-4700
Kaufman v. All Seasons Marine Works, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of February, two thousand fourteen.

PRESENT:

>    **DENNIS JACOBS,**
>    **DEBRA ANN LIVINGSTON,**
>    **GERARD E. LYNCH,**
>         *Circuit Judges.*

_____

**Alan Kaufman,**

>         *Plaintiff-Appellant*,

>    v.                                                    **12-4700**

**All Seasons Marine Works, Inc.,**
**Middlesex Marine Sales and Repair LLC,**
**Theodore G. O'Neill, Jr.,**

>         *Defendants-Appellees*,

**John Doe Boatyard, John Doe,**

>         *Defendants*.<sup>*</sup>

_____

_____

\* The Clerk of the Court is directed to amend the caption as set forth above.

**FOR PLAINTIFF -APPELLANT:**     Alan Kaufman, *pro se*, Darian, CT.

**FOR DEFENDANTS -APPELLEES**
**ALL SEASONS MARINE WORKS,**
**INC., THEODORE G. O'NEILL, JR.:**     Michael T. Bologna, Fitzpatrick, Fray & Bologna LLC, Fairfield, CT.

**FOR DEFENDANT -APPELLEE**
**MIDDLESEX MARINE**
**SALES AND REPAIR LLC:**     John Douglas Maxwell, Regina von Gootkin, Brown Paindiris & Scott, LLP, Glastonbury, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Byrant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Alan Kaufman, *pro se*, appeals the district court's judgment dismissing his 42 U.S.C. § 1983 complaint for failure to state a claim, on the ground that he had not demonstrated state action.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and

---

[1] The district court dismissed Appellant's state law claims, reasoning that because it had dismissed Appellant's federal law claims, it lacked jurisdiction over Appellant's state law claims. The district court, in fact, had supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, although given its disposition of the federal claims, it had discretion to decline to exercise such jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). Because Appellant has not raised this issue on appeal, we need not address it further. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued . . . are considered waived and normally will not be addressed on appeal.").

drawing all reasonable inferences in the plaintiff's favor.  *See Chambers v. Time Warner, Inc.*,
282 F.3d 147, 152 (2d Cir. 2002).  Generally, denial of a motion for leave to amend the
complaint is reviewed for abuse of discretion.  *Anderson News, L.L.C. v. Am. Media, Inc.*, 680
F.3d 162, 185 (2d Cir. 2012).  However, where the denial is based on a ruling of law, we review
*de novo.  See Papelino v. Albany Coll. of Pharmacy of Union Univ.*, 633 F.3d 81, 88 (2d Cir.
2011).  Here, an independent review of the record and relevant case law confirms that
Kaufman's claims were properly dismissed.  We affirm for substantially the same reasons stated
in the district court's thorough October 16, 2012 decision.

We have considered all of Kaufman's arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3